UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FERNANDA J.,** | Civil Action No. 19-14609 (SRC) |
| Petitioner, | |
| v. | OPINION |
| **WILLIAM B. BARR, et al.,** | |
| Respondents. | |

**CHESLER,** District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Fernanda J., filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer, the Government filed a response to the petition (ECF No. 11). Petitioner did not file a reply. For the following reasons, this Court will dismiss the habeas petition without prejudice.

**I. BACKGROUND**

Petitioner is a native and citizen of Brazil who was found to lack a valid visa or other valid basis for legal entry into the United States when she attempted to enter this country.[1] (Document 1 attached to ECF No. 11 at 3). On October 30, 2018, Petitioner was served with a notice to appear which charged her with being removable from the United States as she was an arriving alien who lacked valid authorization to enter the United States. (*Id.*). Following several hearings, Petitioner

---

[1] The documents submitted by the Government suggest this attempted entry may have occurred in August 2014, and that at that time Petitioner was paroled into the United States pending removal proceedings. (Document 1 attached to ECF No. 11 at 3). Because portions of the charge of removal were apparently withdrawn, though, it is not clear if Petitioner's arrival occurred in 2014 or at some later date. (*See id.*).

1

was ordered removed to Brazil in March 2019. (Document 2 attached to ECF No. 11). In April 2019, Petitioner appealed to the Board of Immigration Appeals (Document 4 attached to ECF No. 11 at 2). The BIA dismissed her appeal on September 5, 2019. (*Id.*). It does not appear Petitioner sought further review in the Court of Appeals, and the record therefore suggests that Petitioner became subject to an administratively final order of removal as of September 5, 2019. (*Id.*).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

### B. Analysis

In her habeas petition, Petitioner argues that her continued immigration detention in the absence of a bond hearing violates her right to Due Process. Although Petitioner appears to assert in her petition that she is detained pursuant to 8 U.S.C. § 1226(c), because she was placed into removal proceedings based on her status as an arriving alien, she was at the time she submitted her

2

original petition detained pursuant to 8 U.S.C. § 1225, which applies to arriving aliens not clearly entitled to admittance to the United States, rather than 8 U.S.C. § 1226(c), which applies only to certain classes of aliens who have entered the United States and been convicted of specified crimes. In any event, because she is now subject to an administratively final order of removal insomuch as the BIA dismissed her appeal in September 2019, it is clear that Petitioner is now subject to detention under 8 U.S.C. § 1231(a). *See, e.g.,* 8 U.S.C. § 1231(a); *Leslie v. Att'y Gen.*, 578 F.3d 265, 268-70 (3d Cir. 2012). Petitioner's entitlement to relief must therefore be evaluated under § 1231(a), and any claim Petitioner had challenging her detention under § 1225 is dismissed as moot as she is no longer detained pursuant to that statute. *Rodney v. Mukasey*, 340 F. App'x 761, 764-65 (3d Cir. 2009).

Because Petitioner is subject to detention under § 1231(a), the propriety of her detention is controlled by the Supreme Court's decision in *Zadvydas* and the Third Circuit's decision in *Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208, 225-26 (3d Cir. 2018). As the Supreme Court has explained,

> Under [§ 1231(a)], when an alien is ordered removed, the Attorney General is directed to complete removal within a period of 90 days, 8 U.S.C. § 1231(a)(1)(A), and the alien must be detained during that period, § 1231(a)(2). After that time elapses, however, § 1231(a)(6) provides only that aliens "*may* be detained" while efforts to complete removal continue. (Emphasis added).
>
> In *Zadvydas*, the Court construed § 1231(a)(6) to mean that an alien who has been ordered removed may not be detained beyond "a period reasonable necessary to secure removal," [533 U.S. at 699,] and it further held that six months is a presumptively reasonable period, *id.* [at 701.] After that, the Court concluded, if the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release the alien. *Ibid.*

*Jennings v. Rodriguez*, --- U.S. ---, 138 S. Ct. 830, 843 (2018). Pursuant to *Zadvydas*, any challenge to § 1231(a) detention by an alien who has been detained pursuant to § 1231(a) for less than six months must be dismissed as premature. *Id.*; *Zadvydas*, 533 U.S. at 701. Although the Third Circuit has provided an alternative avenue for relief in the form of a bond hearing for those alien's whose detention under § 1231(a) has become unreasonably prolonged, the Third Circuit expressly held that an alien is not entitled to a bond hearing under *Guerrero-Sancehz* until the six month presumptively reasonable period discussed in *Zadvydas* has elapsed. *See Guerrero-Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208, 225-26 (3d Cir. 2018). *Zadvydas* and *Guerrero-Sanchez* thus make clearly establish that an alien detained pursuant to § 1231(a) must be held during the statutory ninety-day removal period and that she may not challenge her detention under the statute until she has been detained under it for at least six months. As Petitioner has only been detained under § 1231(a) for approximately three months, she is still well within the presumptively reasonable period, and her petition must therefore be dismissed as any challenge she has to her detention is premature at this time.

### III. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE as all of her claims are either moot or premature at this time. An appropriate order follows.

Hon. Stanley R. Chesler,
United States District Judge

4